[No. 20.   Decided May 28, 1890.]
## CHARLES LANGERT v. FRANK C. ROSS and JAMES M. ASHTON.

VENDOR AND VENDEE — CONSTRUCTION OF CONTRACT — PAROL EVIDENCE.

A vendor gave his vendee the following memorandum in writing: "*Tacoma, W. T., March* 16, 1888. Received of L. $5 as part payment for lots No. 1 and 2, in block No. 1806; conditions as follows: $2,495 to be paid on or about the 20th day of March, 1888, and balance of $1,500 to run on time to suit L.'s convenience," and agreeing to furnish a warranty deed upon the payment of the $2,495. *Held,* That such a memorandum is a full contract for the sale of said lots, and, as time is not of the essence of the contract, the vendee could tender performance and demand his deed at any time before put in default by offer of tender on the part of defendant.

For the purpose of explaining the terms of the contract and the situation of the parties, oral evidence is admissible to show that the lots described are in the city of Tacoma, and that the $1,500 was to be kept back for the purpose of paying off a mortgage on the lots when it became due.

*Appeal from District Court, Pierce County.*

Suit by Charles Langert against Frank C. Ross and James M. Ashton for the specific performance of an agreement to convey real estate, or, in case specific performance cannot be decreed, for damages. On the 16th day of March, 1888, the defendant, Frank C. Ross, offered to sell lots one and two, in block eighteen hundred and six, in the city of Tacoma, to plaintiff for the sum of $4,000, $2,500 of which was to be paid on or about the 20th day of March, 1888, and the balance of $1,500 was to be paid by the plaintiff in the future, there being a mortgage then on the property of $1,500, which plaintiff was to assume as part of the consideration. The plaintiff accepted this offer, and thereupon defendant Ross delivered to him the memorandum set out in the opinion. On the 21st day of March, 1888, the defendant James M. Ashton applied to defendant Ross to purchase this same property, and Ross informed him that the plaintiff had an option on the property, which had expired, but out of good faith to the plaintiff he would not sell the property at that time, but give plaintiff until about noon of the next day, the 22d of March, to fulfill the agreement. On the 22d day of March, 1888, between the hours of ten and twelve in the forenoon, plaintiff found defendant Ross and demanded a deed of the premises, stating his readiness to pay the consideration. Ross informed plaintiff that he was too late; that the property was already sold. Afterwards, between the hours of twelve and one of the same day, the defendant Ross executed a deed of said premises to the defendant Ashton. The action was tried upon testimony taken before a referee, and decree entered in favor of defendants, from which decree plaintiff appeals.

*Judson, Sharpstein & Sullivan,* for appellant.

*F. Campbell,* for appellee Frank C. Ross; and *Mitchell, Ashton & Chapman,* for appellee James M. Ashton.

The opinion of the court was delivered by

Hoyt, J. — The rights of the parties to this action must be determined by the construction to be given to the memorandum in writing made by the defendant to the plaintiff in words and figures as follows:

" *Tacoma, W. T., March* 16, 1888.   Received of Chas. Langert $5 as part payment for lots No. 1 and 2, in block 1806, conditions as follows: $2,495 to be paid on or about the 20th day of March, 1888, and balance of $1,500 to run on time to suit said C. Langert's convenience.   I also agree to furnish said C. Langert a warranty deed upon the payment of the $2,495, and a clear title.   Frank C. Ross.   Witness: J. W. Summers."

Was it simply an option giving the right to the plaintiff to purchase the property in question, which terminated by the terms of the memorandum itself on the 20th day of March, named therein, or was it a contract for the sale of said property, with dependent conditions making it the duty of either party to tender performance on his part before he could declare the contract forfeited by the other party?   The court below evidently found the legal effect of said memorandum was as first stated, as with this construction the evidence might warrant the conclusions of fact and law as found by said court; while the giving to the said contract the other construction would have made the findings of fact by the lower court impossible, upon any fair and reasonable construction of the evidence introduced upon the trial of the cause.

The material question then is as to the construction of said contract.   Plaintiff contends that it is a full contract for the sale of the real estate in question, with all the elements of such contracts, and that as it does not appear

therefrom that time was of the essence thereof, it entitled the plaintiff to tender performance on his part and demand his deed at any time before he was put in default by a proper tender of performance by defendant. If the first part of plaintiff's contention is true, we think the latter is also, as we deem the doctrine of equity, that time will not be held to be of the essence of contracts of this nature, unless the intent of the parties thereto that it should be clearly appears therefrom, is too well established by authority to be open to question, or to make it proper to cite authorities in support thereof. Defendant, however, argues that the first part of said contention is not true, for the reason that said memorandum is too indefinite and uncertain to be capable of enforcement in a court of equity.

We agree with the contention of the defendant that the memorandum in question cannot be construed as contended for by plaintiff unless all the terms of the sale reasonably appear therefrom, or may, under the rules applicable to the introduction of oral evidence in aid of such contracts, be made to appear. Investigating the contract in question by the rule thus invoked by the defendant, we see but two provisions thereof that are at all open to criticism. The first is as to the description of the property. But as the property is described with definiteness, so far as the particular lots and blocks are concerned, and is only faulty in not showing that the block named is in Tacoma, we think the omission is one that could be supplied by oral proof. The other is as to the time of payment of the fifteen hundred dollars that was not to be paid on the delivery of the deed; and as to this, we think oral proof to explain the situation of the contracting parties was admissible, not for the purpose of changing the contract, but to show that there was a mortgage of $1,500 on the property in question, and that the keeping back of the $1,500 was for the purpose of paying off the said mortgage when it became due; and this having been made to appear, the time of pay-

ment of said $1,500 becomes certain, as that is certain which may be made certain, as this could have been by referring to said mortgage, or the record thereof. The contract relied upon by plaintiff entitled him to relief as against the maker of said contract; but the proof showed that it was not in the power of said maker to specifically perform, and, therefore, it was the duty of the court to have given the plaintiff damages for the violation of the contract.

The proof of damages was not satisfactory, and it is doubtful whether thereon a judgment of more than nominal damages should have been rendered. And in view of the unsatisfactory state of the proof upon this question, we think equity demands that there should be a rehearing in the court below. The cause will, therefore, be remanded, with instructions to set aside the judgment in favor of defendant, and proceed to a rehearing of the cause against defendant Ross in accordance with this opinion.

ANDERS, C. J., and SCOTT, and STILES, JJ., concur.

DUNBAR, J., not sitting.