[No. 176. Decided June 19, 1891.]

GEORGE W. VAIL v. CHARLES TILLMAN et al.

SPECIFIC PERFORMANCE — CONTRACT — MUTUAL MISTAKE — PLEADING.

A complaint for specific performance of a contract to convey certain land which sets out a written memorandum thereof, indefinite and defective in the elements necessary to a perfect contract, and alleges that by mutual mistake of the parties thereto the contract agreed to and which was intended to have been embodied in said writing, provided for the sale of "one acre, to be taken in a square form out of the northwest corner" of a certain lot, for which the buyer was to pay "one dollar in cash at this date, and ninety-nine dollars nine months from date," is sufficient on demurrer.

*Appeal from Superior Court, Clallam County.*

Action by George W. Vail against Charles Tillman, in his own right, Charles Tillman, as administrator of the es-

tate of Laura M. Tillman, deceased, Walter Tillman, Burt Tillman, Howard Tillman, and Cora Tillman, minors, for specific performance of a contract to convey lands. A demurrer to the complaint was sustained, and plaintiff appeals.

*Finch, Snook & Glasgow*, for appellant.

The opinion of the court was delivered by

HOYT, J.—Appellant by his complaint filed in the lower court sought to secure the specific performance of a contract for the purchase of certain lands therein described. The memorandum of the contract, reduced to writing, and signed by the appellees, was as follows:

"This is to certify that we have this day sold to George W. Vail the following acre of land, to wit: Off of the northwest corner of suburban lot or block thirty-one (31), located on the town site established by the U. S. government at Port Angeles, Washington Territory, for which we agree to make a warranty deed to George W. Vail and his heirs at our earliest convenience, and for which George W. Vail is to give his note, payable nine months from date, and a mortgage on the land purchased to secure the payment of the note."

The complaint alleged that after the making of said contract the appellees put the appellant in possession of the land in question; that appellant, with the knowledge and consent of appellees, had fenced the same, and made certain improvements thereon, and was still in the open possession thereof. It will be seen, by an examination of said memorandum, that some of the elements necessary to a perfect contract are omitted, but I am inclined to the opinion that such omissions are not sufficient to invalidate said contract, when taken in connection with such possession and improvements as the complaint alleges on the part of the appellant. But, be this as it may, the allegations of the

complaint sufficiently show that the omissions in said memorandum occurred through the mutual mistake of the parties thereto, and that the contract which was in fact agreed to by the parties, and which was intended to have been embodied in said writing, was as follows:

"This is to certify that we have this day sold to George W. Vail the following acre of land, to wit, one acre, to be taken in a square form out of the northwest corner of suburban lot thirty-one (31), located in the town site established by the United States government at Port Angeles, Washington Territory, for which we agree to make a general warranty deed at our earliest convenience, and for which George W. Vail is to pay us one hundred dollars, as follows: One dollar in cash at this date, and ninety-nine dollars nine months from date, with ten per centum per annum interest from date; and the said George W. Vail agrees to give us his note for said deferred payment, and to secure the payment of said note by a first mortgage on the said premises."

I think the memorandum thus intended to have been executed is clearly within the principles of the case of *Langert v. Ross*, 1 Wash. 250 (24 Pac. Rep. 443), and must therefore be held to be sufficient. The demurrer to the complaint, of course, admitted all the allegations as to mistake, possession, etc., and, as the contract alleged to have been the contract of the parties as intended by them is sufficient, it follows that the demurrer to the complaint should have been overruled; and that, for the error of the court in sustaining it, the judgment must be reversed, and the cause remanded to the court with instructions to overrule the demurrer, and proceed in said action in accordance with the principles of this opinion.

ANDERS, C. J., and STILES, SCOTT, and DUNBAR, JJ., concur.