[No. 701.  Decided October 22, 1892.]

BAKER-BOYER NATIONAL BANK, *Respondent*, v. WALTER HUGHSON AND JOHN R. REAVIS, *Appellants*.

### NEGOTIABLE INSTRUMENTS — WANT OF CONSIDERATION.

The fact that a contract for the conveyance of real estate is not acknowledged does not show want of consideration for the execution of a promissory note given in part payment for such real estate.

Although a representation that certain real estate is situated in a desirable part of a certain city, and is of great value, may be false and fraudulent, it is merely the expression of an opinion, and the mere allegation that defendants were induced thereby to execute a promissory note for such real estate, does not show want of consideration for its execution.

*Appeal from Superior Court, Spokane County.*

*Jesse Arthur*, for appellants.

*McBroom & McBroom*, for respondent.

The opinion of the court was delivered by

HOYT, J.—This action was brought to recover the amount alleged to be due upon a certain promissory note given by defendants to one Culver, and by him endorsed to plaintiff. The answer admitted the execution of said note, but set up by way of defense certain allegations relied upon by defendants to show that the note was given without consideration, and void in the hands of the payee, and that certain officers of plaintiff were so connected with the transaction in which the note was given as to charge them with knowledge of such want of consideration. The plaintiff upon the pleadings so made, moved for judgment in its favor, and excepted to the action of the court in denying such motion. The first question presented to us for consideration is as to the correctness of this ruling. Two things are alleged in the answer to show want of consideration for the note. *First,* That the contract for a deed for the real estate which was to be conveyed to the defendants, for the part payment of which said note was given, was not acknowledged and was, therefore, void. Under the decisions of this court this objection is without force, as we have held in several cases that a contract for the conveyance of real estate was entirely valid without any acknowledgment. See *Langert v. Ross*, 1 Wash. 250 (24 Pac. Rep. 443); *Vail v. Tillman*, 2 Wash. 476 (27 Pac. Rep. 76).

The other fact relied upon to show want of consideration was misrepresentation as to the land contracted to be conveyed. The only direct allegation as to that is that it was falsely and fraudulently represented that said real estate was situated in a desirable part of the city of Ana-

cortes, and was of great value. It is nowhere directly alleged wherein these representations were false. It is simply alleged that they were false and fraudulent, and that by reason thereof defendants were induced to execute and deliver the note. These are the only allegations in the answer tending to show any want of consideration. The first, as we have seen, is without force, and in our opinion the second is equally so. The allegation is at most simply the expression of an opinion. As to what was or was not a desirable part of the city of Anacortes is purely a question of opinion, and the allegation that the land was of great value is also simply an opinion. That the expression of such opinions by a vendor is not such a misrepresentation as will avoid a sale even although such opinions are not warranted by the facts, is too well established to require the citation of authority. Beside, if we were to concede that these representations were sufficient, yet there is no such direct statement of facts in regard thereto as would make such representations available for the purpose of avoiding the contract. The simple statement that such representations were false and fraudulent in the absence of any statement of what the real facts were is a simple conclusion of law, and no issue of fact could be made upon it. The answer, then, was insufficient to constitute any defense against the note in the hands of the payee, and for this reason the plaintiff was not called upon to show that it was an innocent purchaser. This is our conclusion upon the pleadings. If, however, we go beyond them, and examine the proofs offered on the part of the appellants, we find that they show no facts sufficient to avoid the transaction in which the note was given.

Upon the question of the legality of the contract, as such, the proof simply shows that it was not acknowledged. This, as we have seen, did not affect its validity. As to the question of the other false representations, the only

proof tending in the least degree to show anything of the kind was a statement by one of the witnesses that the land was not worth near as much as they supposed it was; that it was almost worthless. Such statement on the part of the witness was entirely insufficient to avoid the contract. It follows that, whether the case is determined upon the pleadings, or upon the pleadings and proofs, the result will be the same. The presumption of consideration for the note was never overcome. Hence, the argument on the part of the appellants as to the duty of the plaintiff, if it desired to rely upon its rights as an innocent purchaser in such a contingency, is, although very full and complete, entitled to no consideration in this case.

The judgment must be affirmed.

ANDERS, C. J., and STILES, DUNBAR and SCOTT, JJ., concur.