[No. 874. Decided June 30, 1893.]

M. J. CARRIGAN, *Respondent*, v. THE PORT CRESCENT IMPROVEMENT COMPANY, *Appellant.*

CORPORATIONS — AUTHORIZATION OF CORPORATE ACTS — PRESUMPTION.

When a corporation names some person as its manager, and as such allows him in a large measure to control all its business transactions, it must be held responsible for the acts of such manager in the name of the corporation, until it has been affirmatively shown that such acts were unauthorized.

*Appeal from Superior Court, Clallam County.*

*George C. Hatch,* and *Harry E. Lutz,* for appellant.

· *Benton Embree,* for respondent.

The opinion of the court was delivered by

HOYT, J.—All of the errors assigned by appellant, excepting those relating to the evidence offered in opposition to its own claim of offset, were founded upon the rulings of the court upon objections by the appellant to the introduction of evidence to show that the contract sued upon, which purported to be executed by John E. Lutz, its manager, was so executed by him by express authority of the board of directors, or that it had been fully ratified by the action of the company. Before the introduction of any

such testimony the plaintiff had shown that the contract in question had been in fact signed in the name of the company by said Lutz as its manager, and that said Lutz was in fact the acting manager of the company, having control of all, or nearly all, of its transactions.    Under these circumstances it will be presumed that it was the contract of the corporation until the contrary is made to appear.   When a corporation names some person as its manager, and as such allows him in a large measure to control all its business transactions, it must be held responsible for the acts of such manager in the name of the company until it has been affirmatively shown by it that as a matter of fact such acts were unauthorized.   This is, perhaps, an extension of the general rule, but, in our opinion, such extension is necessary to prevent great hardships being cast upon those who deal with corporations.   The very use of the word "manager" as applied to the officer conveys the idea to the ordinary mind that to one thus named has been committed the management of the affairs of the company.   And to hold that one dealing with a person so held out must, before the company can be held liable for his acts, show affirmatively that it had authorized them, would often result in great hardship.   The books of many of the smaller corporations are very imperfectly kept, and from them it is sometimes impossible to determine as to just what authority is vested in the manager, and to require of one who deals with the corporation to show affirmatively the authority thus given would often require of him something that it was next to impossible for him to ascertain.   But if we hold that the acts of the person thus held out as manager are *prima facie* those of the company, but that such presumption can be rebutted by affirmative proof on its part that in fact they were unauthorized, it will greatly subserve the public interest and convenience and at the same time impose no hardship upon the corporation.   The corpora-

tion can much better be charged with knowledge of what its books show than can one dealing with it.   And if in fact the act of the manager has never been authorized by the company it will be easy for it to show such fact, and thus overthrow the *prima facie* presumption of liability arising from his having acted in the name of the company. This has been held to be the rule in many of the courts when the act of the officer is authenticated by the seal of the corporation, but we see no reason whatever in the manner in which corporations now so largely transact their business, to draw any distinction between a contract executed by an officer and authenticated by the seal of the corporation and one not so authenticated.

It follows that the plaintiff had made a *prima facie* case before the offer of any of the evidence to which objection was made, and the defendant having put in no proof tending to rebut it, all such evidence was absolutely harmless as it could not affect adversely any right of the defendant.

As to the exceptions growing out of the claim of offset set up in appellant's answer, we have carefully examined all the proofs offered in regard thereto, and we think the finding of the court was abundantly warranted by competent testimony contained in the record, and such being the case his findings thereon are conclusive upon us.

We find no error of record which could have affected adversely any right of the defendant, and the judgment against it must be affirmed.

DUNBAR, C. J., and STILES, SCOTT and ANDERS, JJ., concur.