[No. 1600. Decided March 16, 1895.]

## MARY M. MILLER, *Respondent*, v. WASHINGTON SOUTH-ERN RAILWAY COMPANY, *Appellant*.

CORPORATIONS — LEGALITY OF CONTRACTS — ESTOPPEL.

Where the president and secretary of a corporation, without authorization of the board of directors, have purchased the shares of a stockholder for the benefit of the corporation, giving in part payment therefor funds of the corporation and executing its notes for the balance, and such action has been acquiesced in for more than two years, and in effect ratified by a sale of all the corporate property, including the stock in question, to another corporation, which took with full knowledge of the transaction, the objection cannot be raised that the officers of the former corporation acted beyond the scope of their authority in the issuance of the notes.

*Appeal from Superior Court, King County.*

*James Kiefer*, for appellant.

*Thompson, Edsen & Humphries*, for respondent.

The opinion of the court was delivered by

SCOTT, J.—This action was brought by the respondent to recover on two promissory notes for $5,000 each, purporting to have been executed by the Satsop Railroad Company on the 10th of November, 1890, by J. R. McDonald and A. H. Anderson, president and secretary of said company, each of whom also indorsed said notes in a personal capacity.

The Satsop Railroad Company was a corporation organized under the laws of this state, and was engaged in the construction and operation of a railroad. The plaintiff was the holder of two hundred and fifty shares of $100 each of the capital stock of said railroad company, and on the date aforesaid sold said stock to said corporation, acting by its president and secretary afore-

said, for the sum of $18,000, $8,000 of which was. paid
in cash and the notes in question given for the bal-
ance.   After the transfer of said stock and the execu-
tion of the notes the Satsop Railroad Company sold all
its property to the defendant, the Washington Southern
Railway Company, which latter corporation assumed
the payment of all the debts of the said Satsop Railroad
Company.   Judgment was rendered in favor of the
plaintiff, and the Washington Southern Railway Com-
pany appeals.

The questions raised are practically resolved into
two.   It is urged that the president and secretary of
said corporation had no authority to execute or issue
the notes in question; and it is further urged that the
notes were without consideration, on the ground that
the corporation could not become a purchaser of its
own capital stock.

In support of the first proposition, it is urged that
this case is governed by *Elwell v. Puget Sound, etc., R. R.
Co.,* 7 Wash. 487 (35 Pac. 376), and it may be doubtful
whether there is any distinguishing feature in this case
sufficient to except it from the one cited.   It does ap-
pear, however, that said sum of eight thousand dollars
in money had been paid to the plaintiff upon the trans-
fer of the stock, which was prior to the purchase of the
property of the Satsop Railroad Company by the Wash-
ington Southern Railway Company.   And it further ap-
pears that for something more than two years after the
transaction aforesaid, which was shown by the books of
the company, no one questioned the validity of said pro-
ceedings.   If these facts are not sufficient to except it
from the rule laid down in *Elwell v. Puget Sound, etc.,
R. R. Co., supra,* then it is at least questionable whether
the decision in that case does not conflict with several
former decisions of this court hereinafter mentioned,

which we prefer to follow, if there is conflict.   We are of the opinion that the doctrines announced in the cases of *Duggan v. Pacific Boom Co.*, 6 Wash. 593 (34 Pac. 157); *Carrigan v. Port Crescent Improvement Co.*, 6 Wash. 590 (34 Pac. 148); *Tootle v. First National Bank of Port Angeles*, 6 Wash. 181 (33 Pac. 345), and *Seal v. Puget Sound Loan, etc., Co.*, 5 Wash. 422 (32 Pac. 214), require an affirmance of this case.   Appellant having purchased all the property of the Satsop Railroad Company, which included the stock purchased by said last company of the respondent, with full knowledge of the transaction, cannot raise the objection that the officers of the Satsop Railroad Company acted beyond the scope of their authority in the issuance of the notes.   The Satsop Railroad Company never questioned the purchase of said stock, the payment of the $8,000, nor the execution of the notes, but in effect ratified the same by the sale aforesaid to appellant.   Nor are we required in this case to decide whether or not a corporation can purchase its own stock, as appellant is likewise, upon the grounds aforesaid, estopped from raising that question.

Affirmed.

DUNBAR, ANDERS and GORDON, JJ., concur.

HOYT, C. J., concurs in the result.