[No. 20207. Department One. June 27, 1927.]

## E. F. FALLERS, *Appellant*, v. J. A. PRING *et al.*, *Respondents*.[1]

[1] FRAUDS, STATUTE OF (16)—SPECIFIC PERFORMANCE (11)—REAL PROPERTY — CONTRACTS FOR SALE. Executory contracts for the conveyance of real estate being valid when signed by the parties, though not acknowledged, will be specifically enforced.

[2] SPECIFIC PERFORMANCE (13)—CONTRACTS ENFORCEABLE—CERTAINTY OF DESCRIPTION. An executory contract for the conveyance of real estate sufficiently describes the property where it is referred to by house numbers, street, city and state, and "according to the conveyance vesting title in the present owner," which deed describes the property with exactness.

[3] INTEREST (14)—RATE—STATUTORY PROVISIONS. Where an earnest money receipt did not mention interest, any interest allowed on deferred payments would be at the legal rate of six per cent.

[4] SPECIFIC PERFORMANCE (5)—DEFENSES TO RELIEF. Objection to specific performance cannot be urged on account of objectionable features in the contract tendered, where the entire purchase money was offered and defendant would have rejected it if it had been actually tendered.

[5] VENDOR AND PURCHASER (94, 99)—PERFORMANCE—PAYMENT—TENDER—DELAY. Failure to return an abstract within the time limit of five days, with time made the essence of the contract, cannot be urged, where the fifth day fell on Sunday, on the sixth it was taken to defendant's office, but he was out of town, and the parties did not meet until the next day.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered August 4, 1926, upon findings in favor of the defendants, in an action for specific performance of a contract, tried to the court. Reversed.

*Daniel Landon* and *Pemberton & Robinson*, for appellant.

*Vince H. Faben*, for respondents.

[1]Reported in 257 Pac. 627.

MAIN, J.—This action was brought to enforce specific performance of a real estate contract. The trial resulted in a judgment of dismissal, from which the plaintiff appeals.

On April 24, 1925, the appellant and respondent entered into a contract by which the latter agreed to sell, and the former agreed to purchase, certain real property in the city of Seattle. The purchase price was $7,175, one hundred dollars of which was paid at the time of the execution of the contract. Five hundred dollars was to be paid upon the acceptance of the title and the balance, $6,575, within sixty days. It is provided in the contract that an abstract be furnished and five days' time be allowed for examination of the same. There is a clause, also, making time the essence of the contract. In form, the contract was an earnest money receipt and was signed by the Cottage Realty Company, the agent of the respondent, and agreed to by the appellant and approved by the respondent, both of whom signed. After the abstract was furnished, the attorney examining it, in his opinion, made certain suggestions with reference to a lease upon the property.

On May 18, 1925, the respondent having indicated his unwillingness to proceed with the contract, the appellant tendered him the cash payment provided for and also tendered a more formal contract than was the purchase money receipt. Both of these were rejected. On the day following, or the 19th, the respondent transferred the property to one Ora Thomas, who took title with full knowledge of the outstanding contract and consequently subject thereto. At the time of the tender and its rejection, the appellant indicated a willingness to pay the entire balance of the purchase price and receive a deed. This suggestion was rejected by the respondent, and he testified that, while no offer

8—144 WASH.

was made in cash for the full amount, he would not have taken it if such a tender had formally been made.

[1] The contract, as stated, was in the form of an earnest money receipt and was signed by the parties, but not acknowledged by either of them. The contract, even though not acknowledged, may be specifically enforced by a court of equity. In *Anderson v. Wallace Lumber & Manufacturing Co.*, 30 Wash. 147, 70 Pac. 247, it was specifically so held. In *First National Bank of Kennewick v. Conway*, 87 Wash. 506, 151 Pac. 1129, after a thorough consideration of the question, it was held that executory contracts for the conveyance of real property are valid when signed by the parties to be charged, even though not executed with the formalities required for the execution of deeds. It was there said:

"In this state executory contracts for the conveyance of real property, while required to be in writing, are not specialties, but are simple contracts, valid when signed by the parties to be charged, whether or not they are executed with the formalities required for the execution of deeds."

In the case of *Sherlock v. Van Asselt*, 34 Wash. 141, 75 Pac. 639, there is an improvident statement, not necessary to the decision of the case, which might indicate a contrary view. The question there, however, is not discussed and the previous decisions upon the question are not referred to. In any event, the statement in that opinion ceased to have any effect after the decision in the case of *First National Bank of Kennewick v. Conway, supra.*

[2] It is said that the contract does not describe the property with sufficient exactness to justify specific performance. After describing the property by house numbers, street, city and state, it was provided that the description was "according to the conveyance vesting the title in the present owner". The conveyance

vesting title in the owner referred to in the contract, who was the respondent, was introduced in evidence and describes the property with exactness. In fact, there seems to be no contention that the description in that deed was in any manner defective. The contract made a direct reference to the deed and this was sufficient. In 8 R. C. L., p. 1078, it is said:

"Real estate is sufficiently described in a conveyance by reference for identification to another deed or record specifically mentioned therein which accurately describes it."

In 18 C. J., p. 281, it is said:

"By a proper reference in a deed to another instrument which contains a description of the property conveyed, the latter instrument may in many cases be considered as incorporated in the former and the two may be construed together for the purpose of identifying the particular property intended to be conveyed by the deed. Such a rule has been affirmed in the case of a reference to another deed; . . ."

The rule there stated has been approved by the decisions from the courts of last resort of many of the states, and there do not appear to be any to the contrary. The description in the present case, by reference to a deed where the property was accurately described, satisfied the requirements of the law. The contract being enforcible, even though not acknowledged, and the property being sufficiently described by reference, and there being no facts which would render specific performance inequitable, the appellant was entitled to a judgment requiring the respondent to perform the contract. In 36 Cyc., p. 550, it was said:

"When a contract of which equity has jurisdiction conforms with certain equitable principles, which are quite limited in number, it is as much a matter of course for a court of equity to decree specific performance as for a court of law to give damages for breach of the contract.

"4. Application of the Principle—a. In General. The formula as to discretion therefore is habitually used by the courts simply to indicate that the case before the court is governed not by legal rules but by some 'equitable principle. Thus the formula is frequently applied where the defense is plaintiff's fraud or misrepresentations, or defendant's mistake; or where the contract is incomplete or uncertain; where enforcement of the contract in specie would be detrimental to the public welfare; where the contract or the remedy lacks mutuality; and where plaintiff has been guilty of laches."

[3] Objection is made to the contract tendered because it provided for interest at seven per cent and there had been no prior agreement between the parties upon this matter. The earnest money receipt signed did not mention interest and therefore, if interest on the deferred payment for sixty days was to be allowed, it would be at the legal rate or six per cent; and the fact that seven per cent was written in the contract would not be an objectionable feature so far as the respondent was concerned.

[4] In any event, the contract was not rejected for this reason, but because the respondent had concluded not to go through with the deal. Further, the offer to pay the entire purchase price and the statement of the respondent that, had the money been actually tendered he would have rejected it, would seem to remove any objection to the form or substance of the contract tendered.

It is suggested that the abstract was not returned within the five days limited by the contract and, since time was made the essence thereof, that this would prevent the appellant prevailing. In this connection, it will be assumed, but not decided, that the essence provision applied to the five day period for the return of the abstract. The evidence shows that the

abstract was returned to the Cottage Realty Company, the agent of the respondent, within five days and that on the sixth day, the fifth day being Sunday, the appellant went to respondent's place of business with the opinion of the attorney with reference to the title for the purpose of discussing the matter with him. On this date, the appellant was absent from the city and the parties did not meet until the day following. There is no merit in this contention.

Appellant was entitled to have the contract specifically enforced. The judgment will be reversed, and the cause remanded with direction to the superior court to enter a judgment as herein indicated.

MACKINTOSH, C. J., MITCHELL, FRENCH, and FULLERTON, JJ., concur.