[No. 31208.   Department Two.   March 7, 1950.]

WANDA PHILLIPP, *Respondent,* v. MORLEY W. CURTIS *et al.,*
*Appellants.*[1]

*Dodd & Russell,* for appellants.

*Leon L. Wolfstone,* for respondent.

SIMPSON, C. J.—Plaintiff instituted this action to enforce specific performance of an option to purchase real estate. The court made and entered its decree favorable to the plaintiff. Defendants have appealed and, in so doing, make assignments of error which challenge the correctness of the court's findings and decree.

The facts, as reflected in the record, are:  May 15, 1944, C. D. Phillipp, Jr. and Sand Point Construction Company by its agent, signed an instrument in writing prepared by appellant, Morley W. Curtis, who at that time was rental and managing agent of some forty-six homes built and owned

[1]Reported in 215 P. (2d) 431.

by the Sand Point Construction Company. Pertinent portions of the document are: the construction company "called the landlord" leased land in King county, Washington, to C. D. Phillipp and Wanda Phillipp, his wife, "called the tenant." The property was described as lot 3, block 1, Gwinn's Sand Point Addition to Seattle. The term was mentioned as on a month-to-month basis, beginning May 15, 1944. The rental charged was $48.50 per month. The tenant agreed to vacate the premises upon "statutory notice." It was further provided:

"The tenant is hereby given the right to purchase the property after 60 days tenancy. The purchase price is to be the sum of $5500.00 of which the sum of not less than $700.00 must be paid in cash and the remainder, the sum of $4800.00, shall be paid either by the purchaser arranging a new mortgage in a like amount or substituting the liability of the existing mortgage in the original amount of $4800.00. Any expense incident to the placing of this new mortgage or substitution therefor shall be paid for by the tenant."

January 4, 1945, the company deeded the land to appellant, M. W. Curtis. May 29, 1946, Mr. Richard M. Thatcher, member of the Seattle bar, as the representative of C. D. Phillipp and Wanda Phillipp, his wife, addressed a letter to appellant, M. W. Curtis, stating that, "The Phillipps desire to exercise the option given in that agreement, and this letter may be taken as evidence of that exercise." Attorneys Dodd & Russell answered the letter on behalf of Mr. Curtis and in the letter stated that Mr. Curtis did not desire to consummate a sale of the property, and based refusal upon the statement that the lease agreement was void under the statute of frauds.

Thereafter, on June 5, 1946, Mr. Thatcher addressed a letter to Dodd & Russell enclosing a check in the sum of $48.50, the agreed amount of rent named in the rental agreement. In that letter, Mr. Thatcher stated that,

"If the position of the Phillips is well taken they have a right to purchase this property at the price stated in the Agreement, it is their desire that future payments be applied to reduce the principal, and it was for that reason that my

letter was sent to Sand Point Construction Company and Mr. Curtiss at the time it was made."

Dodd & Russell returned the check on June 6, 1946, and stated that under no circumstances would the rental payment be accepted subject to any qualifications as to the status of the payment. The following day Mr. Thatcher mailed the check to Dodd & Russell.

Appellant Morley Curtis stated that in November, 1946, respondent contacted him, explained that her husband had left her, and then asked if she could remain on the premises as a month-to-month tenant. He answered that she could retain her position on a month-to-month basis provided the rent was paid.

November 27, 1946, Mr. Phillipp deeded the land to respondent. This was done as a result of a disagreement between husband and wife and was part of a divorce settlement. The deed was not recorded until September 23, 1948.

On numerous occasions from March 3, 1947, to November 8, 1948, considerable correspondence was had between attorneys representing appellants and those engaged by respondent. The subject matter of all these letters was concerning the right of respondent to purchase the property as provided for in the lease agreement. A study of the evidence relating to these letters, and a perusal of the letters themselves, does not indicate that either appellants or respondent made any concessions. During all of this period, respondent affirmed a desire to purchase in accordance with the terms provided for in the rental agreement, and appellants, acting through their attorneys for the most part, refused to comply with respondent's request, contending that the time for purchase had expired and, further, that the contract was not enforcible.

The first contention made by appellants is that all optional rights terminated prior to any attempt to exercise them. They argue that the instrument of lease created only a month-to-month tenancy and was legal and valid only for a term or period not exceeding one year because it was not

acknowledged. They base their arguments upon the provisions of Rem. Rev. Stat., §§ 10550, 10551, and 10618 [P.P.C. §§ 497-1, 498-1, 719-1]. These familiar statutes provide that every conveyance of real estate, or interest therein, and every contract creating or evidencing any encumbrance upon real estate shall be by deed; and that every deed shall be in writing, signed by the party bound and acknowledged by that individual before some person authorized to take acknowledgments of deeds. The last section mentioned modified § 10550. *Richards v. Redelsheimer,* 36 Wash. 325, 78 Pac. 934.

A reading of the agreement indicates clearly that it contains two separate agreements: (1) a lease on a "month to month basis"; and, (2) the right on the part of the lessee to purchase the property "after 60 days tenancy." The lease created was one of month to month, and could have been terminated by appellants at any time upon giving the proper notice. This tenancy and its incidents had nothing to do with the contract of purchase.

■ Executory contracts, such as the one under consideration, when signed are valid though they do not have the formalities required for deeds. *Anderson v. Wallace Lbr. & Mfg. Co.,* 30 Wash. 147, 70 Pac. 247; *First Nat. Bank of Kennewick v. Conway,* 87 Wash. 506, 151 Pac. 1129; *Nichols v. DeBritz,* 178 Wash. 375, 35 P. (2d) 29.

Appellants have called our attention to *Labor Hall Ass'n v. Danielsen,* 24 Wn. (2d) 75, 163 P. (2d) 167, 161 A. L. R. 1079, in which case we held an unacknowledged lease for one year with a covenant for either a renewal or an extension for a further period was void. The cited case is not in point for the reason that the option for a new lease for another term would only amount to another month-to-month tenancy which could be foreclosed at the will of the owner of the property. Here, as we have pointed out, the agreement provides for a sale which would, when a deed was given, divest the lessor of all interest in the land.

■ We hold that the unacknowledged written agreement, giving the lessee the right to purchase, was an enforci-

ble contract. The trial court held that the contract was legal and binding as of May 29, 1946, and concluded that respondent should be credited on the purchase price with all payments made subsequent to June 3, 1946. It will be recalled that respondent on May 29, 1946, notified appellants that she desired to exercise her option to purchase the property. At that time appellants refused to recognize respondent's right to purchase.

We are inclined to agree with the conclusion reached by the trial court. The record discloses, as we have indicated, that during the entire period from May 29, 1946, to the commencement of this action, respondent persisted in her efforts to purchase, and was at all times met by a definite refusal on the part of appellants. It appears to us, as it evidently did to the trial court, that the appellants were responsible for the delay in carrying out the provisions of the contract to purchase and cannot now complain of loss of the use of the purchase price money.

In so deciding, we have not lost sight of certain evidence which tended to show that the sums paid on many occasions were made as payments of rent. Respondent attempted in every way to exercise her option and only made the rent payments in order to escape eviction.

Other objections have been made to the court's findings which we believe unnecessary to consider. We are satisfied that the judgment of the trial court was in every way correct and it is accordingly affirmed.

ROBINSON, MALLERY, and HAMLEY, JJ., concur.

HILL, J., dissents.

---

May 1, 1950. Petition for rehearing denied.