[No. 912.  Decided December 22, 1893.]

RUDOLPH DISTLER, *Respondent*, v. JOSEPH B. DABNEY, *Appellant*.

CONTRACT TO CONVEY — VENDOR'S WANT OF TITLE — WAIVER OF STRICT PERFORMANCE — PLEADING — ASSUMPSIT — TRIAL.

In an action for rescission of a contract to convey land on the ground that the defendant at no time during the life of the contract had title thereto, it is error to strike from defendant's answer paragraphs alleging that defendant held a contract for the purchase of the land from a third party, who was absent from the state and had neglected to execute a deed, although payment had been made in full; that plaintiff, although he had solicited and obtained from defendant an extension of the time of performance of the contract for five months, sought to take advantage of the absence of defendant's vendor and of defendant's consequent inability to procure a deed from him by suddenly, and long before the time agreed upon, making a tender and demanding his deed, in order to find a pretext for the rescission of the contract because the land had depreciated in value.

Money paid under a contract for the conveyance of land cannot be recovered in an action of *assumpsit*, unless it appears, upon the whole case, that the grantee had an equitable right to rescind the contract, and that the grantor should not, in good conscience, be permitted to retain the money paid.

It is error to compel the trial of a cause as an action at law, when both the complaint and answer invoke the equity powers of the court.

Where the holder of a contract for the conveyance of lands makes payments thereon after knowledge of his vendor's want of title, he cannot take advantage of such fact, until after full payment or tender thereof.

Although the time of deferred payments is made the essence of a contract for the conveyance of land, yet where strict performance thereof has not been required, and the purchaser does not make payments upon time but asks and secures extensions, he is in no position to require his deed on the last day, and the vendor has a reasonable time to convey after demand.

(DUNBAR, C. J., and SCOTT, J., dissent.)

*Appeal from Superior Court, Chehalis County.*

*Schofield & Schofield,* and *A. E. Griffiths,* for appellant.
*M. J. Cochran,* and *J. B. Bridges,* for respondent.

The opinion of the court was delivered by

STILES, J. — The complaint set out the contract, under the terms of which prompt payment of the installments of purchase money was made material; and alleged the making and acceptance of several small payments amounting in gross to the first, second and third installments. As to the fourth and last installment, it was alleged that plaintiff was ready and willing to make payment on the day set, July 21, 1890, but that defendant could not be found on that day. Tender and demand for a deed were made on several subsequent days up to August 28th. As ground for rescission, it was alleged that defendant was at no time the owner of the real estate contracted for up to the date of the last tender, but that one Nims at all times during the life of the contract had the legal title thereto, wherefore defendant could not convey. A demand for a return of the money paid was also alleged to have been made September 1st, coupled with an offer to return the contract. Prayer for the rescission of the contract and judgment for the money paid.

Under this pleading we think it was error for the court

to strike from the answer its sixth and seventh paragraphs, which were in response to paragraph five of the complaint, in so far as it might be held to charge a fraud on the part of defendant in contracting for the sale of land which he did not own.   The stricken paragraphs alleged that defendant held from Nims a contract for the purchase of this and other land, and had paid in full therefor; that Nims had neglected to execute a deed and was absent from the state; and that plaintiff, although he had solicited and obtained from defendant an oral extension of the time of performance of the contract from July 21st to about December 25th, had sought to take advantage of the absence of Nims and the inability of defendant to reach him and thus procure a deed, by suddenly, and long before the time agreed upon, making his tender and demanding his deed, in order to find a pretext for the rescission of the contract because the land had depreciated in value.   The first proposition tended to relieve defendant of any charge of fraudulent conduct, and the second charged plaintiff with bad faith in seeking a rescission, both material matters in this kind of a case.

The second error of the court was in compelling the trial of the case as an action at law.   Appellant maintains that this is an action for money had and received, and that he was entitled to recover it in *assumpsit;* but we think not. Time was not made of the essence of the contract so far as the delivery of the deed was concerned, either by the terms of the instrument or by the showing of other facts, and there was no direct allegation of fraud in the making of the contract which would authorize the grantee to rescind of his own motion.   In such a case it must appear that, upon the whole case, the grantee had an equitable right to rescind the contract, and that the grantor should not, in good conscience, be permitted to retain the money paid. Warvelle on Vendors, pp. 942–3.   Moreover the complaint asked the interference of the court to declare a rescission, and this was an invocation of its equity powers.

28—7 WASH.

The answer presented wholly equitable defenses: (1) That plaintiff knew at the time he signed the contract that Nims had the legal title. (2) That at his request further time was given to plaintiff in April, 1890, to pay his last installment, and that in consideration thereof the defendant was not to be required to execute his deed until the payment of this installment, about Christmas, 1890. (3) That although defendant did not have the legal title, his transaction with plaintiff was in good faith, he having a contract with Nims under which he could at any time take title. (4) That plaintiff's action in making demand for a deed in July and August was in bad faith, in view of the change that had been made in the date of closing the matter from July to December. (5) That as soon as plaintiff made his demand, defendant waived the full time agreed upon, and agreed to procure his deed from Nims as soon as he could reach him, and then himself forthwith convey. (6) That he got Nims' deed at the earliest possible day, September 25th, and immediately thereafter, October 2d, tendered a deed to plaintiff.

Under the issues made by the pleadings plaintiff had nothing to prove. A tender of the last payment was not necessary if, in fact, defendant had not title. If he had no title, and no equitable excuse for not having it, his contract would have been a fraud on the plaintiff, who could have rescinded it at any time, but if he had an equitable excuse, plaintiff's tender could not put him in the wrong. Thus, the whole case rested upon the equitable defenses of the answer, for the denials of payments alleged in the complaint were sham and false; sham because they related only to the payments on particular dates, and false because they had in fact been made. The sole question was whether plaintiff was entitled to have the contract rescinded after the showing proposed to be made by defendant's answer, and that was a question for the court.

Treating the general verdict of the jury as though it

were a specific finding upon the two vital facts—(1) Whether plaintiff knew the title to be in Nims; (2) whether there was an agreement to extend the time of payment and delivery of the deed; and considering it as advisory merely, we are unable to agree with it. In the first place the plaintiff admitted, when on the stand, that defendant told him in April, when he was making one of his partial payments, that if he wanted an extension of time on the contract he (defendant) would give it, and that he would, therefore, not have to get the deed from Nims; and that before that he knew defendant did not have the title. Having made payments after such knowledge, he could not take advantage of defendant's want of title until after full payment or tender thereof. Warvelle on Vendors, pp. 836, 882.

Secondly, in our judgment the clear preponderance of the evidence was, that if there was not an agreement for an extension, there was, at least, a waiver of strict performance on both sides. There was direct and positive testimony, by three witnesses, of the agreement to extend, with no contradiction except by the plaintiff himself. There was testimony, also, that when plaintiff was making his tender and demand in August, he was charged with having agreed to the extension, and that he did not deny having so agreed. Although the times of payment were made of the essence of the contract, plaintiff did not make either the second or the third payment on time, or in one sum, but defaulted, and made only partial payments subsequently. Plaintiff admitted asking for extensions, and to having made a request of that character in April; but he claimed to confine them to all but the last payment. Yet if they were so confined, according to his understanding, he must have seen that defendant did not so consider it or he would not have referred to the matter of getting the deed from Nims. There was nothing about the trans-

action which showed any reason why either party should strictly perform. Defendant could not claim it as long as he did not have the title; and plaintiff, with his knowledge that the title was in Nims, and his frequent delinquencies, was in no position to require his deed on the last day. Defendant acted in perfect good faith at all times. As soon as he learned of plaintiff's anxiety for a deed he proceeded at once to obtain the title from Nims, for which he had a contract, and was ready to convey within thirty days after plaintiff's demand of August 28th. On the 2d of October he tendered a deed, and plaintiff refused to receive it. Even if there was no agreement to extend until Christmas, there was a waiver of strict performance, and defendant had a reasonable time to convey after demand, and thirty days, under the circumstances of Nims' absence from the state, was certainly not unreasonable. The case looks to us very much as though the charges in the answer, that there was an oral extension, and that the course of the plaintiff was taken with a view to surprise the defendant and exact the refunding of the money paid, was sustained. An honest intention to comply with the contract, and rely upon its terms for his rights in the premises would have dictated that plaintiff stop paying money when he learned in April that defendant did not have the title, if he intended to stand upon legal considerations only.

Appellant asks this court, if the judgment be reversed, to decree a specific performance of the contract by directing a judgment against the respondent for the last installment of the purchase money, with interest, in exchange for the deed, which was brought into court and tendered with the answer. But the difficulty with that proposition is, that there was no cross bill by way of counterclaim, as good pleading would require there should be if affirmative relief is demanded. Had there been a demurrable counterclaim even, in an equity case, we should regard the facts

proven and disregard the defects in the pleading; but there is no pleading at all upon which to base affirmative relief, and it would be error to grant it. To dismiss the case, however, might jeopardize rights of both parties which they are entitled to preserve, and we shall, therefore, simply reverse the judgment, and remand the cause for a new trial, with leave to defendant to amend his answer by adding thereto a proper counterclaim. So ordered.

HOYT and ANDERS, JJ., concur.

DUNBAR, C. J. (*dissenting*).—I dissent. I do not think the matters stricken out had any office to perform in this kind of a case, unless it would be to distract the mind of the jury from the true issues to be determined in the case. So far as the probabilities of the truthfulness of the witnesses is concerned, I do not care to discuss them. All questions of fact were submitted by the law to the judgment of another tribunal. They have exercised their judgment and it is binding upon me. The judgment should be affirmed.

SCOTT, J., concurs.