[No. 1502. Decided December 28, 1894.]

D. M. PAYNE ET AL., *Appellants, v.* A. L. STILL ET AL., *Respondents.*

SPECIFIC PERFORMANCE—REMEDY AT LAW—LEASE OF COMMUNITY PROPERTY.

Where a tenant has gone into possession of community land under an agreement of husband and wife to execute to him a valid lease for a period of five years, but the lease has been executed by the husband alone, the tenant is entitled to specific performance of the contract, on showing performance of all the conditions on his part.

The fact that a tenant, if ejected, would suffer but little damage, for which he would have a remedy at law, is not sufficient to except the case from the rule that where a tenant has entered into possession under an agreement for a lease he is entitled to specific performance.

*Appeal from Superior Court, Clarke County.*

*N. H. Bloomfield,* for appellants.

*G. W. Stapleton,* for respondents.

The opinion of the court was delivered by

SCOTT, J.—The plaintiffs are husband and wife, and the lands in controversy are their community property. On the 29th day of October, 1892, plaintiff, D. M. Payne, executed a purported lease of said lands to the defendant, A. L. Still, for the term of five years. Sarah L. Payne did not join in said lease, and it was not acknowledged by D. M. Payne as required by the statute where the term of the leasehold exceeds one year. The defendants took and have retained possession of the premises, and this action in ejectment was brought by the plaintiffs to recover possession, on the ground

that such purported lease was void. The defendants answered, alleging that on the date aforesaid the plaintiffs agreed to execute to the defendants a lease of the premises aforesaid, to run for the period of five years, with the terms and conditions specified in said purported lease, and that said purported lease was intended by the plaintiffs as a valid lease of the premises accordingly, and alleging that the plaintiffs delivered possession of the premises to the defendants in pursuance of said lease, and that the defendants have retained the same continuously since said time, and have fully complied with and performed the conditions of said lease upon their part, and praying for a specific performance of the terms of the contract. The plaintiffs replied, denying that Sarah L. Payne had ever entered into the contract in question, or consented to the leasing of the lands. The cause was tried and a decree rendered in favor of the defendants, from which plaintiffs have prosecuted this appeal.

After an examination of the proofs we are satisfied with the finding of the lower court that the plaintiffs both agreed to execute the lease in question. It is urged, however, by them, that a specific performance of the contract should not be decreed on the ground that the testimony shows that the defendants would suffer little or no damage if dispossessed, and that they had an adequate remedy at law. But if this were true, it furnishes no reason for excepting this particular case from the general rule applicable to the class of cases to which it belongs. The adequacy or inadequacy of damages as a remedy is not determined with reference to the circumstances of a particular case, but the inquiry is whether such case is one of a class where, in agreements generally of the kind involved, the terms or the relations of the parties are such that the legal remedy of damages is adequate or inadequate. Pomeroy, Spec. Perf. Contracts, § 27.

And this case clearly falls within that class wherein specific performance will be decreed on the ground of a part performance of the contract and the inadequacy of damages.

Affirmed.

DUNBAR, C. J., and HOYT and STILES, JJ., concur.