[No. 4069.   Decided March 15, 1902.]

THACKER WOOD AND MANUFACTURING COMPANY, *Respondents*, v. HENRY MALLORY *et ux.*, *Appellants*.

APPEAL — RECORD — REVIEW IN ABSENCE OF STATEMENT.

Exceptions to findings of fact will not be considered on appeal, when a statement of facts has not been brought up.

CONTRACTS — CONSTRUCTION — TIME AS ESSENCE.

Under the rule that time will not be considered of the essence of a contract, when the contract itself does not expressly stipulate it shall be, or unless it necessarily follows from the nature

or circumstances of the contract, time will not be deemed of the essence of a contract between plaintiff and defendant, where plaintiff was required under a contract with the state to remove the timber from certain land within three years, and, under a subcontract with defendant, the land was divided into six tracts and the defendant required to log the tracts in an order named within three, six, nine, thirteen, seventeen and twenty-one months, respectively.

SAME — RESCISSION — PLAINTIFF MUST DO EQUITY.

Where defendant had gone to considerable expense in making preparations to log plaintiff's lands, his failure to cut the timber within the time and the order contracted for would not entitle plaintiff to cancellation of the contract, when the injury to plaintiff was inconsequential and he does not offer to place defendant *in statu quo.*

Appeal from Superior Court, Thurston County.—Hon. OLIVER V. LINN, Judge. Reversed.

*Troy & Falknor,* for appellants.

*Vance & Mitchell,* for respondent.

The opinion of the court was delivered by

REAVIS, C. J.—Suit to cancel a contract. Plaintiff in October, 1900, was the owner of certain timber in section 16, township 18 N., R. 2 W., W. M. The timber was purchased from the state. The terms of the contract with the state required the timber to be removed within three years from the execution of the contract. The time expires April 5, 1903. In addition to the above facts, the complaint, in substance, alleges that plaintiff was a dealer and manufacturer of wood and timber. On the 1st of October, 1900, the following contract was entered into between plaintiff and defendants:

"These Articles of Agreement, made and entered into at Olympia, Washington, this 1st day of October, 1900, by and between the Thacker Wood and Manufacturing

Company, party of the first part, and Henry Mallory, party of the second part,

"Witnesseth, First, That party of the first part agrees to sell to party of second part all the fir and cedar timber suitable for milling purposes, and to be used for milling purposes only, situated on the following described land, to-wit: The southwest quarter, south half of northwest quarter, and lots 2 and 3 in section 16, township 18 north, range 2 west. Said timber to be removed by the party of the second part in the following order of tracts, and within the several times mentioned, viz.: Lot 2 and southeast quarter of northwest quarter within three months from date hereof; northeast quarter of southwest quarter within six months from date hereof; southeast quarter of southwest quarter within nine months from date hereof; lot 3 and southwest quarter of northwest quarter within thirteen months from date hereof; northwest quarter of southwest quarter within seventeen months from date hereof; southwest quarter of southwest quarter within twenty-one months from date hereof. Each tract shall be completely logged off as herein provided before entering upon the succeeding tract, except by consent of the party of the first part.

"Second.—First party shall have full liberty of cutting wood as now cutting until sufficient supply of wood can be had from lands logged off, by the second party, and nothing in this sale shall be so construed as to deprive the first party of a sufficient wood supply, to be taken from the lands herein described, in case of failure of second party to fulfill the agreement as above provided.

"Third.—The price to be paid by the party of the second part as stumpage for said timber is $1.00 per thousand feet log measure, payment to be made as the lumber product is sold, and all product of the mill shall be paid for before ninety days from date of sawing.

"Fourth.—The party of the second part agrees to sell to the first party all the slabs cut from and off logs cut into four foot lengths at the uniform price of fifty cents per cord of one hundred and twenty-eight cubic feet. Party of

the second part agrees at this price to rick up at the mill said slabs at the mill, but at no time shall he be required to maintain so ricked more than 250 cords, and, if more than 250 cords are ricked at the mill at any one time at the request of the party of the first part, the additional cost for so doing shall be paid by the party of the first part, as may at the time be agreed upon.

"In Witness Whereof, said parties subscribe their names to these articles in duplicate the day and year first above written."

On the 28th of January, 1901, plaintiff commenced this suit to cancel the entire contract, and for an injunction restraining defendants from cutting timber on any of the lands embraced within its terms. Plaintiff alleges that by reason of defendants' failure to remove the timber in the manner and order prescribed in the contract it was damaged as a wood and timber dealer; that time is of the essence of the contract; that defendants refused to carry out the terms of the contract, though often requested to do so, and that defendants had the intention of cutting the timber as they might elect, without reference to the order of the contract. Defendants denied all the material allegations of the complaint, and set up affirmatively some explanations of a road cut through some of the tracts, claiming it was for the purpose of cutting timber from another tract which was required to be cut first in the order of the contract; and also set up a violation of the contract by plaintiff, in that plaintiff had cut some of the timber suitable for milling purposes which, under the terms of the contract, belonged to defendants. No statement of facts was brought here, and the cause is heard on the pleadings, the findings of fact, the conclusions of law, and the decree. The findings of fact, in substance, are that the timber on lot 2 and the southeast quarter of the northwest quarter

ought to have been removed before the first day of January, 1901; that only a small portion of the timber from said tract has been removed; that defendants had been requested to make such removal; that the timber on the northeast quarter of the southwest quarter should have been removed from said tract prior to the cutting of any timber on lot 3 and southwest quarter of the northwest quarter, and prior to the cutting of timber on the northwest quarter of southwest quarter; that timber was cut and removed from the last mentioned tracts prior to the removal of timber from the northeast quarter of southwest quarter and from lot 2 and southeast quarter of northwest quarter; that the timber was not completely removed from any of said tracts described, but that some timber was cut from every tract described in the contract except the southwest quarter of southwest quarter; that the cutting of the timber described was contrary to the provisions of the contract and a breach thereof; that by agreement of the parties to the contract tract number 3 was eliminated from the operation of the contract, but no extension of time to remove any of the timber mentioned in the contract was made by the parties; that the timber on lot 2 and the southeast quarter of the northwest quarter, and on the northeast quarter of the southwest quarter, was not all removed, but plaintiff submitted no evidence showing the value of such timber as it remained standing upon said tract, so there is no measure of damages as to the failure to remove said timber, and only nominal damages were suffered by plaintiff by failure of defendants to remove all of said timber; that the plaintiff, contrary to the terms of the contract, entered upon the southwest quarter of southwest quarter and cut therefrom merchantable timber to the amount of 5,000 feet suitable for milling purposes, and

such timber is of the value of $2.00 per thousand feet; that the contract was a severable one as to each of the tracts of land described therein, and the failure to remove all the timber from the tract of land to be logged within three months, and the tract to be logged within six months, is not a breach of the contract that entitled plaintiff to a rescission of the whole contract, and the defendants were entitled to proceed and log the remaining timber of said tract agreed to be cut within thirteen, seventeen, and twenty-one months from the date of the execution of the contract; that there is no evidence that the defendants are insolvent, or that the remedy by law for damages would be inadequate for any loss sustained by plaintiff; that there was no violation of the contract in the construction of a road across the northwest quarter of southwest quarter; that no offer or tender was made by plaintiff to defendants to compensate them for any performance on their part of the contract; that defendants had expended, prior to the execution of the contract, a large amount of time and money in placing a sawmill on said premises for the purpose of logging and sawing the timber; that prior to the date of the contract the mill had been partially erected for the purpose of removing and sawing the timber, and at the time of the execution of the contract the defendants had expended about $4,000; that to remove said mill and not permit them to saw any of said timber would occasion serious loss and damage to defendants; that no offer of any kind was made by plaintiff to place defendants *in statu quo,* and no offer of any kind of any remuneration was made by plaintiff to defendants. The following conclusions of law were made:

"(1). That time is of the essence of the contract set out in plaintiff's first cause of action; but that said contract

is severable as to the different tracts described; and that plaintiff is entitled to have the said contract canceled as to lot 2 and the S. E. $\frac{1}{4}$ of N. W. $\frac{1}{4}$."

"(3). That defendant is entitled to recover $10 damage of and from the plaintiff.

"(4). That plaintiff is entitled to recover nominal damages of $1 and his costs in this action of and from defendants Henry Mallory and Mary Mallory."

The decree adjudged that the contract, so far as it related to the removal of timber on lot 2 and the southeast quarter of northwest quarter, be canceled, and that plaintiff recover from defendants $1.00 and costs subject, to a set off of $10.00 due defendants by plaintiff for damages for the wrongful cutting of merchantable timber on tract No. 6.

1. Defendants excepted to the conclusions of law and also to several of the findings of fact, but as no statement of facts appears in the record exceptions thereto cannot be considered. The material exception is to the conclusion that time is of the essence of the contract between plaintiff and defendants. The general equitable rule in the construction of executory contracts such as this is that time is not deemed to be of the essence thereof unless the agreement expressly so specifies, or all the circumstances necessarily imply that time was the essence. The equitable principles controlling the specific performance of a contract or the cancellation thereof are very similar. And ordinarily equity will not decree a cancellation, if an adequate remedy exists at law. Pomeroy, Specific Performance of Contracts (2d. ed.), §§ 11-27; *Payne v. Still,* 10 Wash. 433 (38 Pac. 994); 1 Beach on the Modern Law of Contracts, § 620, observes:

"The time fixed for performance is not generally considered of the essence of the contract in equity, unless the

parties have expressly so treated it, or it necessarily follows from the nature or circumstances of the contract."

"In all ordinary cases of contract, equity does not regard time as of the essence of the agreement." 3 Pomeroy, Equity Jurisprudence, § 1408.

See, also, *Jones v. Robbins,* 50 Am. Dec. 593 (29 Me. 351). It is apparent that the contract in question does not expressly stipulate that time is of its essence. Indeed, 't is not devoid of an implication that the arrangement of t..'e order and time in cutting the timber from the respective tracts might be varied, which is contained in the following language:

"First party [plaintiff] shall have full liberty of cutting wood as now cutting until sufficient supply of wood can be had from lands logged off, by the second party, and nothing in this sale shall be so construed as to deprive the first party of a sufficient wood supply, to be taken from the lands herein described, in case of failure of second party to fulfill the agreement as above provided."

The plaintiff is a dealer in wood, and retained the ownership of the wood after the merchantable timber was cut by defendants. Here is a provision that, if defendants should not proceed speedily, and plaintiff required wood, it should have the right to take a sufficient supply notwithstanding the defendants had not yet cut the timber. Neither does the fact found by the court, that the plaintiff purchased the timber from the state and was under obligation to remove the same from the premises within three years, imply time as the essence. No question is made but two years remained, in which there was ample time for defendants to complete their removal of the timber before the period for its removal designated in plaintiff's contract with the state. The facts completely appearing in the findings upon which the conclusions of law are based,

this court may determine the correctness of the legal con-
clusions. We are satisfied that time should not here be
deemed of the essence of the contract. We are impressed
with the finding that no showing of inadequacy of dam-
ages or inadequacy of the legal remedy is made in the case.
Indeed, the court expressly finds that the damage for vio-
lation of the time and order for the cutting on the two
tracts which were excluded from the contract was merely
nominal.

2. The suit is an equitable one, and it is essential that
facts be shown that invoke an equitable remedy. The es-
sential facts shown are not such as to appeal to a court of
conscience. The defendants have made large expendi-
tures in preparing and carrying out their contract. A short
lapse appears in the time in removing all the timber on the
two tracts excluded from the contract by the decree, and
some variation in the order of cutting the timber from the
respective tracts, but it appears that the injury to the
plaintiff is inconsequential. It is also found that plaintiff
has not regarded the contract strictly and was charged with
violation of its terms in some respects. We conclude that
the suit must fail for want of equity, and because complete
redress can be found in damages.

The decree is reversed, with direction to the superior
court to dismiss the action.

DUNBAR, MOUNT, ANDERS, WHITE, FULLERTON and
HADLEY, JJ., concur.