[No. 7555. Decided January 6, 1909.]

THOMAS J. LILLIS, *Respondent*, v. E. STEINBACH, *Appellant*.[1]

VENDOR AND PURCHASER—RESCISSION BY VENDOR—CONTRACTS—DEFAULT IN PAYMENT—WAIVER. Time is not made the essence of a contract for the purchase of property by a provision that the balance of the purchase price shall be "payable $5 and interest . . . on deferred payments monthly," where it was further provided that payments were to be made in work by the purchaser, who was a brick mason; and the same cannot be rescinded by the vendor for defaults in payment prior to the expiration of the contract, where for two years payments had not been made monthly but work had been accepted at irregular intervals.

SAME—ABANDONMENT BY VENDEE. Abandonment of a contract to purchase real estate is not shown by the fact that the vendee for two years made none of the five-dollar monthly payments which were to be made in work, as near as could be, when the bid was as low as other bids, where, having paid in work for some time, the vendee twice offered work which was rejected, and thereafter failed to offer work for two years and failed to pay taxes which he had agreed to pay, the time for final payment not having expired and time not being of the essence of the contract.

Appeal from a judgment of the superior court for Pierce county, Reid, J., entered March 28, 1908, upon findings in favor of the plaintiff, after a trial before the court without a jury, in an action on contract. Affirmed.

*Boyle, Warburton, Quick & Brockway,* for appellant.

*L. C. Whitney,* for respondent.

[1]Reported in 99 Pac. 22.

MOUNT, J.—Respondent brought this action against appellant to recover damages for a breach of contract for the sale of two lots in Tacoma. The cause was tried to the court without a jury. Findings were made in favor of the plaintiff, and a judgment entered for $510 against the defendant, who appeals.

The facts are as follows: In the year 1903 the respondent agreed to purchase from the appellant two lots in Tacoma. The contract was evidenced by a writing as follows:

"$14.00.                        Tacoma, Wash., July 18, 1903.

"Received from Mr. Thomas J. Lillis, the sum of thirteen 85-100 dollars, being for first payment on lots 26 and 27, Bl. 30, Buckley Add. Purchase prin. $250.00, balance $236.10, payable $5.00 and interest at 7 per cent per annum on deferred payments monthly. Full warranty deed and abstract given on final payment and all taxes payable to date to be paid. It is understood that the payments as near as can be are to be taken in work when price is as low as lowest other bidder.

> "Purchase Prin. .................$250.00
> "Paid Prin. ....................  14.00
> "Balance ......................  236.00
"Int. 7 per cent.                    E. Steinbach."

Thereafter payments were made by the respondent on the contract as follows: September 13, 1903, $15.40; September 28, 1903, $10; July 28, 1904, $22.50. At the time of the last-named payment, $12.50 thereof was paid as interest to that date, leaving $10 to apply on the principal. These amounts were all paid in work. No further payments were made by the respondent, but in the year 1905 he made bids on two different pieces of work for the appellant, who rejected the bids. Appellant thereafter did not offer the respondent any more work. During the year 1905 the appellant sent to respondent through the mail three notices, to the effect that unless prompt payment was made on the contract the same would be forfeited. Respondent did not receive any of these notices. In the latter part of the year

1905, appellant sold the lots to another party without the knowledge of the respondent. Appellant paid taxes and street improvements on the lots, amounting to $60 or $70. In May, 1907, some three months before the last payment became due under the contract, the respondent tendered to the appellant in coin the balance due on the contract, including interest and taxes, etc., paid by appellant, and respondent thereupon demanded a deed of the property. Appellant then informed respondent that he had terminated the contract in the year 1905, and had re-sold the property, and refused to receive the tender or to deliver the deed. Respondent then brought this action for damages. The lots were vacant, unimproved city lots, and were of the value of $800 at the time the tender was made.

The trial court was of the opinion that time was not of the essence of the contract in the payment of the installments, and that the appellant therefore could not rescind the contract until after the last installment became due. The trial court was clearly right in so holding. There is no express provision making time the essence of the contract, and no provision which necessarily implies that time is of the essence. The only provision from which this may be inferred is the one which states, "payable $5 and interest . . . on deferred payments monthly." But this provision, read in the light of the provision that "payments as near as can be are to be taken in work when price is as low as lowest other bidder." indicates quite clearly that the parties did not intend that these monthly payments should be made on the day they became due. Respondent was a brick mason, and it is not to be supposed that he was to work only one day or part of a day each month for the appellant. The parties no doubt intended that the amounts should be paid in work as near as could be, and that payments might be made in advance or in arrears as was convenient. In addition to this common-sense view of the contract, this is clearly evidenced by the payments made. The contract was executed in July, 1903. No payment was

made in August, and no complaint was heard on account of that fact. In the next month, September, $15.40 was paid in work. This paid three months in advance. Then nothing more was paid until July 28, 1904, when the payments were seven months in arrears. At that time $22.50 was paid in work, $12.50 of which went to pay back interest due. No complaint was then made, and nothing was done or said which would indicate that the parties supposed that time was of the essence of the contract. It is clear therefore that the contract does not necessarily imply that time is of the essence of it, and it is also clear that the parties themselves did not so construe it or consider it. Under these facts it will not be held that time is the essence of the contract. *Lambert v. Ross*, 1 Wash. 250, 24 Pac. 443; *Thacker Wood & Mfg. Co. v. Mallory*, 27 Wash. 670, 68 Pac. 199. The case of *Voight v. Fidelity Investment Co.*, 49 Wash. 612, 96 Pac. 162, relied upon by the appellant, was a case where time was expressly made the essence of the contract, and is therefore not in point here.

We think the evidence fails to show that the respondent abandoned the contract. The lots were vacant, unimproved lots. The respondent testified that he relied upon the promise of appellant to give him work, and that he held himself in readiness to pay in work, but that appellant offered him no work after the year 1905, and gave him none in that year. The fact that respondent neglected to pay the taxes and street improvements when they became due is not sufficient to show abandonment, because respondent did not agree to keep the taxes paid, but he offered to repay these expenses before the expiration of the contract. The fact that he was slow in making the payments does not necessarily show an abandonment. Under the contract, as we have held above, he had the whole time within which to pay the purchase price. The fact that notices were sent to him did not rescind the contract, because the appellant then had no right to rescind.

We think the judgment was right, and it is therefore affirmed.

DUNBAR, RUDKIN, and FULLERTON, JJ., concur.