[No. 8733.   Department Two.   August 23, 1910.]

ED KOTH, *Appellant*, v. A. E. KESSLER *et al.*, *Respondents.*[1]

APPEAL—RECORD—DISMISSAL—BRIEFS.  Where there was nothing of record to show any appeal by a party, there can be no dismissal of the appeal and a statement in the briefs that he had appealed will be ignored.

HUSBAND AND WIFE—COMMUNITY PROPERTY—CONTRACT BY HUSBAND.  A contract for the sale of community land not executed by the wife of the vendor is not void, but only voidable.

FRAUDULENT CONVEYANCES—CHATTEL MORTGAGES—CONSIDERATION— VOIDABLE LAND CONTRACT.  Notes and a chattel mortgage given in part payment of a voidable land contract not executed by the vendor's wife cannot be set aside as a fraud upon creditors on the theory that they were given without consideration.

Appeal from a judgment of the superior court for Adams county, Holcomb, J., entered January 8, 1910, upon findings in favor of the defendants, after a trial on the merits, in an action to set aside fraudulent conveyances.   Affirmed.

*Merritt, Oswald & Merritt* and *W. M. Nevins,* for appellant.

*Davis & Davis* and *Zent & Cannon,* for respondents.

PARKER, J.—The plaintiff, being a judgment creditor of the defendants Lobe and wife, brought this action to have set aside, upon the ground of fraud and want of consideration, four certain chattel mortgages given by the defendants Lobe and wife to Kessler.   A trial before the court resulted in findings and judgment denying the relief prayed for, and the dismissal of the action.   The plaintiff has appealed from this disposition of the case.

Statements made in the briefs of counsel, both for appellant and respondents, indicate that the inteverner, Vehrs, served notice that he joined in the appeal of the plaintiff.

[1]Reported in 110 Pac. 540.

We find no such notice in the record brought here. Counsel for respondents move to dismiss the appeal of intervener, Vehrs, and to affirm the judgment as to him, because such appeal has not been perfected by filing a bond. In the reply brief of counsel for appellant Koth, it is stated by them that they are not attorneys for the intervener, Vehrs, and that they inadvertently signed their opening brief in this case as "attorneys for appellants." It is apparent, therefore, that we will have to ignore any appeal by Vehrs, since we have no record showing he is an appellant, nor any appearance for him in this court. We cannot dismiss his appeal, assumed by counsel for respondents to have been taken, for the reason it is not before us in any form.

Learned counsel for appellant excepted to certain of the findings made by the trial court, and also excepted to the refusal of the court to make certain findings requested by them. The principal contentions made in behalf of appellant are based upon facts which we think the record shows to be either conceded or proven beyond controversy. We will first consider these facts, and state our views touching the rights of the parties as affected thereby.

Appellant is the owner, by assignment, of four certain judgments, rendered against respondents Lobe and wife on November 12, 1907, November 23, 1907, January 16, 1909, and February 1, 1909, for the aggregate amount of approximately $900. On October 20, 1908, respondent Kessler entered into a contract with respondent Gustav Lobe by the terms of which Kessler agreed to sell, and Lobe agreed to purchase, a tract of land in Spokane county, for $4,000, payable $1,500 on September 1, 1909, $900 on December 1, 1909, $1,000 on September 1, 1910, and $600 on September 1, 1911. This land was acquired by Kessler after marriage, but his wife did not join in the execution of the contract by signing the same. This contract contains conditions that would work a forfeiture of the purchaser's rights there-

under in the event of failure to make payment of the install-
ments of purchase price as they became due.

On October 22d, 1908, Lobe and wife executed and gave
to Kessler a promissory note for $1,500 and a chattel mort-
gage upon certain of their property to secure the payment
thereof; on May 26, 1909, Lobe and wife executed and gave
to Kessler another promissory note for $900 and a chattel
mortgage upon certain of their property to secure payment
thereof; and on July 20, 1909, Lobe and wife executed and
gave to Kessler another promissory note for the sum of $900
and a chattel mortgage upon certain of their property to se-
cure payment thereof.   These three notes and mortgages
were given and accepted for the payments upon the land sale
contract made between Kessler and Lobe, which by the terms
of that contract became due $1,500 September 1, 1909, $900
December 1, 1909, and $1,000 September 1, 1910; the latter
payment being discounted $100, which accounts for the last
note being only $900.   This left only the final payment of
$600 with interest, falling due September 1, 1911, unaffected
by these notes and mortgages.   On December 23, 1908, Lobe
executed and gave to Kessler a promissory note for $500 and
a chattel mortgage upon certain of the community property
to secure payment thereof.   This was for money loaned by
Kessler to Lobe.   These four chattel mortgages the appel-
lant seeks to have set aside upon the ground that they were
given and accepted without consideration, and with intent to
defraud Lobe's creditors; and to have the property covered
by them subjected to the payment of appellant's judgments.

The principal contention of learned counsel for appellant
relates to the three notes and mortgages given for the pur-
chase price installments upon the land contract.   It is al-
leged that, since this contract is for the sale of real estate
which is presumably community property, and the wife did
not join therein, it is absolutely void, and that Lobe ac-
quired no rights whatever under it; and hence, the giving of
the notes and mortgages were without consideration and for-

that reason void as to Lobe's creditors. Our attention is called to former decisions of this court, among them the following, which may be considered the most favorable to appellant's contention: *Holyoke v. Jackson,* 3 Wash. Ter. 235, 3 Pac. 841; *Graves v. Smith,* 7 Wash. 14, 34 Pac. 213; *Mabie v. Whittaker,* 10 Wash. 656, 39 Pac. 172.

It is true that these cases hold that, as a general rule, specific performance of such a contract cannot be enforced against the community, and to that extent the contract is voidable, but we think other decisions of this court show that it does not regard such a contract as void merely because both the husband and wife do not join in its execution. The following cases so indicate: *Konnerup v. Frandsen,* 8 Wash. 551, 36 Pac. 493; *Payne v. Still,* 10 Wash. 433, 38 Pac. 994; *Boston Clothing Co. v. Solberg,* 28 Wash. 262, 68 Pac. 715; *O'Connor v. Jackson,* 33 Wash. 219, 74 Pac. 372; *Stevens v. Kittredge,* 44 Wash. 347, 87 Pac. 484.

Learned counsel for appellant assume, as stated in their brief, that "The wife could defeat any action that might be brought to subject the real estate to the payment of appellant's claim." This is equal to saying that she could defeat Lobe's rights under the contract to purchase the land merely because she did not sign it with her husband. The cases last cited showed many possible conditions under which she could not defeat Lobe's rights under the contract. Now there is no evidence whatever upon the question of Kessler's authority to enter into this contract for the sale of the land, one way or the other. Must we then presume that he had no authority merely because the property is presumed to be community property? Was the burden upon him in this case to show such authority? The question might arise under such circumstances that he would have the burden of showing such authority; but he is here a defendant, resisting a charge of fraud and want of consideration for the making and delivery to him of the notes and mortgages. This is what the

appellant undertook to prove, and had the burden of proving, by commencing this action. It seems to us that, when appellant's proof went no farther towards showing want of consideration than to show that this land contract (which is the consideration for the notes and mortgages) was not executed by both husband and wife, he has not shown such want of consideration; nor has he shown such facts as shift the burden of proof upon Kessler as to that question. We are of the opinion that these facts standing alone do not show such want of consideration in support of the notes and mortgages as will warrant the setting aside of them at the instance of the creditors of Lobe.

There was considerable testimony upon the question of Lobe's alleged intent to defraud his creditors and Kessler's knowledge thereof in the giving and accepting of these notes and mortgages. Upon these matters the testimony was in serious conflict, and without attempting to review it here in detail, we deem it sufficient to say that we are not inclined to disturb the learned trial court's conclusions thereon, to the effect that he deemed it insufficient to support the charge of fraud in the making of the notes and mortgages, or to warrant the granting of the relief prayed for upon that account; especially in view of the better opportunity of the learned trial judge to determine the weight of this conflicting testimony, given by the several witnesses. It may be worth while to observe, however, that it does not appear but that the land is of the value of the $4,000 purchase price agreed to be paid by Lobe. The giving of the notes and mortgage for the first, second and third installments upon the land contract at least had the effect of saving each of those installments from default; so that the contract is evidently not subject to forfeiture until there be a default in the last installment, which will not be due until September 1911. It also seems evident that this land purchase and the giving of those notes and mortgages for three of the installments did not lessen the value of the resources of Lobe.

We conclude that the judgment must be affirmed. · It is so ordered.

RUDKIN, C. J., MOUNT, and CROW, JJ., concur.