[No. 24645. Department Two. December 19, 1933.]

CHARLES ROZZANO *et al., Appellants,* v. ALICE MOORE, *Respondent.*[1]

*Ryan, Desmond & Ryan* and *Howard W. Sanders,* for appellants.

*Bundy & Swale,* for respondents.

BEALS, C. J.—Rose Lusby, being the owner of lot 27 of a plat of orchard tracts in Yakima county, subject to a mortgage for eight hundred dollars secured by a promissory note due December 1, 1931, contracted to sell the north half of the lot, free from encumbrance, to defendant, Alice Moore. When Mrs. Moore received her deed in September, 1930, the whole of lot 27 was still subject to the mortgage, which had been reduced to six hundred fifty dollars.

In June, 1931, Alice Moore, by an instrument in writing, agreed to sell her north half of lot 27 to plaintiffs for the sum of three thousand dollars, of which

[1]Reported in 27 P. (2d) 1096.

eight hundred dollars was paid in cash, the balance, with interest, to be paid in annual installments on November first of each year, commencing in 1932. In addition to the payments called for by the contract, plaintiffs obligated themselves to improve the property, and did improve the same, to the amount of $581.05. As to the mortgage above referred to, the contract provided:

"It is understood and agreed by and between the parties hereto that the said premises are subject to a balance of a mortgage of $650 encumbering the whole of Tract Twenty-seven (27) hereinabove described; and that prior to the payment required on this contract on November 1st, 1932, the vendor shall release or have released from said mortgage the tract herein agreed to be conveyed to the purchasers herein."

Defendant having failed to cause the property which she had agreed to convey to plaintiffs to be released from the lien of the mortgage, plaintiffs, November 2, 1932, demanded that she procure such a release. Defendant not immediately complying with their demand, plaintiffs forthwith rescinded the contract, and tendered her a deed. November 5, 1932, plaintiffs instituted this action in rescission, seeking recovery of judgment for the amount of their initial payment, the cost of the improvements which they had placed upon the property and the taxes and assessments which they had paid, together with interest.

Defendant answered plaintiffs' complaint, tendering an issue as to certain of the material allegations thereof, and pleading affirmatively that the mortgage secured the debt of Rose Lusby and not the debt of defendant, and that defendant had relied upon Rose Lusby to pay the mortgage December 1, 1931, when it became due; that Rose Lusby then desired an extension of the mortgage debt, and that plaintiffs had joined in a request for such an extension, and that this request was granted by the mortgagee. Defendant fur-

ther alleged that she, on the second day of December, 1932, had procured a release of the mortgage as to the property which she had agreed to convey to plaintiffs, and had tendered the same to plaintiffs and offered to file the same for record. Defendant also, by way of a cross-complaint, pleaded that plaintiffs had failed to pay certain sums due upon the contract, and asked that they be given a specified time within which to make such payments under penalty of being adjudged in default.

The action was tried to the court, sitting without a jury, and resulted in findings of fact and conclusions of law in favor of defendant. From a decree entered in accordance with the decision of the court, plaintiffs appeal.

The trial court, *inter alia,* made the following findings of fact:

"(2) That at the time of said contract, said property was encumbered by a certain mortgage in the sum of $650 executed by one Rose Lusby, defendant's predecessor in title, and for the payment of which mortgage defendant was not liable, and which mortgage was at the time of said contract due and payable on the 1st day of December, 1931.

"(3) That after the execution of said contract, and on or about the first day of January, 1931, the said Rose Lusby desired an extension of said mortgage, and that thereupon the plaintiffs acquiesced in the extension of said mortgage and joined with said Rose Lusby in requesting of the holder of said mortgage for an extension of said mortgage for one year, and that upon such request, the holder of said mortgage did extend the same until the 1st day of December, 1932, and that plaintiffs by their acquiescence in such extension and by their statements to the defendant, indicated and led the defendant to believe that they would not require her to cause said mortgage to be satisfied prior to the 1st day of December, 1932.

"(4) That on the 1st day of November, 1932, the defendant was ready, willing and able to cause said mortgage to be satisfied and that after the commencement of this action and on the 2nd day of December, 1932, defendant caused a satisfaction of said mortgage to be executed by the holder thereof and on said date tendered such satisfaction to the plaintiffs, and that thereafter said satisfaction was deposited with the registry of this court, to be delivered to the plaintiffs upon payment by them of the installment of principal and interest which became payable on the 1st day of November, 1932."

Appellants assign error upon the entry of the decree in respondent's favor and upon the court's refusal to enter a decree as prayed for in their complaint. They argue that the mortgage was, in fact, never extended, that respondent herself had refused to consent to any such extension, that appellant Charles Rozzano had refused to consent to the extension of the mortgage, and that the trial court erred in finding that appellants had acquiesced in such extension.

It clearly appears from the evidence that Rose Lusby, together with appellant Helen Rozzano, during the month of January, 1932, called at the office of L. O. Janeck, the agent of the mortgagee; that Mrs. Lusby desired an extension of the mortgage, and that Mrs. Rozzano was willing to assist Mrs. Lusby in any way she could. Mrs. Lusby testified that Mrs. Rozzano said that she was willing to do anything she could to help Mrs. Lusby, that the visit to Mr. Janeck's office was made pursuant to this conversation, and that Mrs. Rozzano had informed Mr. Janeck that she would help Mrs. Lusby in regard to the extension.

Under date January 18, 1932, Mr. Janeck wrote respondent, informing her that the holder of the mortgage had consented to extend the loan for another year, provided that interest was paid, and under date February 13 following, Mr. Janeck wrote the owner

of the mortgage that appellants had expressed a willingness to assist Mrs. Lusby in procuring an extension. At this time, respondent objected to the extension of the mortgage, as she felt that Mrs. Lusby should have paid the same when due, and that respondent should not be subjected to annoyance in connection with the matter. No written extension of the mortgage was ever executed, but the court found that the holder thereof did agree to extend the same to December 1, 1932.

By the portion of the agreement between the parties to this action above quoted, it appears that, "prior to the payment required on this contract on November 1st, 1932, the vendor shall release or have released" from the mortgage the land which respondent had agreed to sell to appellants. While the payment became due from appellants to respondent November 1, 1932, by the portion of the contract above quoted, respondent could not require that this payment be made before she procured the release of the mortgage as to the property which she had agreed to sell to appellants. Until she procured such a release, she could not demand from appellants further performance on their part.

Appellants were in possession of the property, and this possession was never interfered with, nor was any foreclosure of the mortgage commenced or threatened. Appellants owed respondent on account of the purchase price of the property a sum in excess of two thousand dollars, while the mortgage amounted to less than seven hundred dollars. Respondent procured a release of the mortgage December 2, 1932, and placed the same at appellants' disposal. Appellants made no tender of any portion of the purchase price, but as ground for rescission relied upon respondent's failure to release their land from the lien of the mortgage.

It is not every breach of a contract that entitles the other party thereto to rescind. The breach must be substantial, and, as stated in 6 R. C. L. 926, "the act failed to be performed must go to the root of the contract." The text of 13 C. J. 613 is to the same effect. Rescission is to be enforced in equity, and must, under all the circumstances of the particular case, be a just and equitable remedy. The cases of *Distler v. Dabney*, 7 Wash. 431, 35 Pac. 138, 1119; *Thacker Wood & Manufacturing Co. v. Mallory*, 27 Wash. 670, 68 Pac. 199; *Skoog v. Columbia Canal Co.*, 63 Wash. 115, 114 Pac. 1034, and *Main v. Western Loan & Building Co.*, 167 Wash. 1, 8 P. (2d) 281, conform to this doctrine.

Construing the contract between the parties and considering the facts as disclosed by the record, in the light of the authorities above referred to, it is clear that appellants failed to show facts entitling them to a rescission of the contract. Neither would we hold that the evidence preponderates against the finding of the trial court above quoted to the effect that the mortgage was extended and that appellants acquiesced in such extension.

The decree of the trial court was clearly right, and the same is affirmed.

By its decree, the trial court allowed appellants forty-five days from the entry thereof within which to pay certain sums due on the contract in order to maintain the same in good standing. Appellants may make such payments within forty-five days from the going down of the remittitur pursuant to this decision. Otherwise, all the provisions of the decree shall be in effect.

TOLMAN, HOLCOMB, BLAKE, and GERAGHTY, JJ., concur.