[No. 32987. Department Two.   January 7, 1955]

MARIE PETERSEN, *Appellant*, v. CLARENCE L. BOYD *et al.*,
*Respondents.*[1]

[1]Reported in 278 P. (2d) 400.

*Bartholomew & Wetherholt* and *Myron H. Freyd,* for appellant.

*Douglas C. Anderson* and *H. A. Martin,* for respondents.

HILL, J.—This is an appeal from a judgment of dismissal entered after a demurrer had been sustained to a third amended complaint by which the plaintiff, Marie Petersen, seeks to recover a one-thousand-dollar down payment (and $28.58 closing charges) because of alleged fraud which induced her to enter into an earnest-money agreement which she claims to have rescinded. The fraud relied upon as a basis for the rescission and the recovery requested is most unusual. There is no contention that the property was not as represented or that it was not worth the agreed purchase price of $9,950, but merely that a mortgage on the property was less than represented. The mortgage balance was represented to be "approximately $7000," whereas it was in fact $6,391.

Plaintiff alleges that this was a material misrepresentation because she was obligated by the terms of the earnest-money agreement to "pay down" to the mortgage within twelve months from the date of the earnest-money agreement. She points out that this difference would require the payment in one year of $3,559 instead of the $2,950 which she would have been required to pay had the mortgage been $7,000, a difference of $609.

Plaintiff claims that the representation that the mortgage was "approximately $7000" meets the essential elements of fraud which we have so frequently recognized. *Salter v. Heiser,* 36 Wn. (2d) 536, 219 P. (2d) 574 (1950), and cases cited.

To meet the obvious objections that such a representation ordinarily is not material and that the seller could not be presumed to know that the purchaser regarded it as

material, the third amended complaint sets forth in some detail the financial condition of the plaintiff and alleges that it would have been impossible for her to pay the additional $609 within a year's time. Plaintiff alleges, further, that all of the circumstances concerning her financial situation were known to the defendants. However, the "Earnest Money Receipt and Agreement," which is attached to and made a part of the third amended complaint, provides that the time for paying the difference between the purchase price and the mortgage "can be extended by mutual agreement between purchaser and seller." There is no allegation that the plaintiff-purchaser attempted to secure such an extension or that the seller refused to grant one. Such a provision in the agreement may have been inserted because of uncertainty as to the amount of the mortgage balance, which was said to be "approximately $7000"; but in any event, it is our view that, under the circumstances, the purchaser was not entitled to rescind the agreement until an attempt had been made to secure a mutually satisfactory extension.

Another possible remedy for the situation complained of is that the seller might have procured a new FHA mortgage for "approximately $7000." Plaintiff's agreement specifically provides that she was "to assume FHA Loan when same can be had." Unless that means that the seller had a right to secure a new mortgage, that provision in the earnest-money agreement means nothing. A new mortgage for "approximately $7000" would have removed the reason the plaintiff-purchaser urges as the basis of rescission. There is no allegation that the seller had been requested or had refused to procure an FHA mortgage for "approximately $7000."

In the absence of an allegation that the seller had refused to extend for a reasonable time beyond a year the payment of the $609 or to secure a new FHA mortgage for "approximately $7000," the plaintiff has failed to allege facts which justified a rescission. Under the circumstances alleged, such a remedy would be neither just nor equitable. Rescission, to be enforced in equity, must be a just and equitable remedy under all the circumstances of the particular

case. *Rozzano v. Moore* (1933), 175 Wash. 566, 27 P. (2d) 1096, and cases cited; *Hesselgrave v. Mott* (1945), 23 Wn. (2d) 270, 160 P. (2d) 521.

The plaintiff, however, does not seek the equitable relief of rescission, but takes the position that she has rescinded the agreement and that, since it has been rescinded, the defendants have received money which in equity and good conscience they ought to pay to her.

We have held that such an action, whatever the plaintiff may call it, is an action for rescission. *Main v. Western Loan & Bldg. Co.* (1932), 167 Wash. 1, 8 P. (2d) 281; *Bruener v. Hillman* (1936), 186 Wash. 663, 59 P. (2d) 731. However, that holding has been criticized (95 A. L. R. 1014) as "laying down a rule, for which little support is found in the cases generally."

We think it is immaterial for our present purposes whether this is an action in equity for rescission or an action at law to recover money on a contract that has been rescinded. In the latter case, plaintiff's right to recover is governed by principles of equity, even though the action is one at law. See *Philpott v. Superior Court* (1934), 1 Cal. (2d) 512, 36 P. (2d) 635, 95 A. L. R. 990 (and the annotation in 95 A. L. R. 1000), for an excellent discussion of the theories behind such an action as we have here.

While we have but one form of action (RCW 4.04.020 [*cf.* Rem. Rev. Stat., § 153]) and practically but one forum, yet in applying the relief allowable we must adhere to the distinctions commonly accepted as existing between actions at law and actions in equity. *State ex rel. Northeast Transp. Co. v. Superior Court* (1938), 194 Wash. 262, 280, 77 P. (2d) 1012, 82 P. (2d) 111; *Philpott v. Superior Court, supra.*

Obviously, where the plaintiff's right of recovery from a defendant depends upon the propriety of the plaintiff's claimed rescission of an agreement between them, the plaintiff must allege facts warranting the rescission. This, as we have indicated, the plaintiff in the present action failed to do in her third amended complaint. The judgment of dis-

missal based upon her refusal to plead further after the demurrer to that complaint was sustained is affirmed.

GRADY, C. J., SCHWELLENBACH, DONWORTH, and WEAVER, JJ., concur.