[No. 35096. Department One. January 7, 1960.]

LAURA BURTON, *Appellant,* v. RICHARD J. DUNN, *Respondent and Cross-appellant.*[1]

[1]Reported in 347 P. (2d) 1065.

*Peters & Tracy*, for appellant.

*David L. Jamieson*, for respondent and cross-appellant.

HUNTER, J.—This appeal arises out of an action on a promissory note. The note in question was executed by the defendant and delivered to the plaintiff pursuant to an agreement in compromise of a filiation claim. In consideration of the note, the plaintiff (1) released the defendant from any and all claims against him, as father of her unborn child, (2) relinquished her rights under the filiation proceeding statutes, RCW 26.24.010, *et seq.*, (3) agreed to place the child for adoption in a recognized adoption agency, (4) promised to no longer molest the defendant, nor in "any way claim or make any statements of any kind or nature, publicly or privately, whereby, directly or indirectly, it may or might be implied that Richard J. Dunn is the father of her unborn child."

The note, dated November 4, 1957, was in the principal amount of $2,250; it provided for $200 to be paid upon execution, $600 on November 18, 1957, and the balance to be paid in installments of $100 or more each month, commencing January 1, 1958, and providing the entire balance be paid by July 1, 1958. The defendant at all times denied paternity of the plaintiff's unborn child.

The note and the agreement were executed in the office of the prosecuting attorney of Pierce county, the defendant at the time being represented by counsel. The $200 was then

paid as provided and $600 was paid on November 18, 1957. Thereafter, no further payments were made and the plaintiff brought this action for the balance due on the note. In his answer, the defendant alleged a failure of consideration by reason of a material and substantial breach by the plaintiff, and by cross-complaint sought a rescission of the contract and judgment for the $800 paid on the note.

At the close of plaintiff's case, defendant moved for a dismissal of the plaintiff's complaint and for judgment on his cross-complaint. The trial court dismissed both plaintiff's complaint and defendant's cross-complaint. Plaintiff appeals and the defendant cross-appeals.

Appellant's assignments of error raise the single issue of whether the record discloses a material breach by the appellant, constituting a failure of consideration.

The facts are not in dispute, the appellant being the sole witness in the case.

The record discloses the appellant called the respondent at his place of employment, Rhodes Department Store, in regard to a payment on the note before November 18, 1957, when the payment was due; that after the November 18th payment was made and sometime prior to December 4, 1957, the appellant in the company of Sigrid Darnell, a friend, visited the department of Rhodes Store in which respondent was employed. She testified, however, that she went there only to accompany her friend and no effort was made to recognize the respondent.

Subsequent to her visit to the store she received a letter, not introduced in evidence, which, in the words of the appellant, directed that she "get out of town and that I wasn't even to go in the store," and "demanded that I didn't see him or even recognize him if I saw him on the street." In response to this letter, the appellant wrote the following letter to the respondent:

"Dear Dick,

"I am writing you in regard to the nasty little letter I received from your lawyer a few days ago.

"In it he said I was not to contact you or even recognize you in any way. . . . Furthermore, you can tell him

I'll go anywhere I please, even into Rhodes Store & buy in your department if I so desire.

"That day you saw us in Rhodes—I wasn't shopping. Sig wanted to shop there for something she hadn't found in her size at Peoples. Your lawyer seems to have been told I was there to see you. Big joke. Well, she got pretty huffy when I read that letter to her. Said she has a notion to go see the manager at Rhodes (She knows him personally), & ask what business you have trying to keep any customers out of the store. Better pull in your horns boy. Your not as big as you think you are. If your trying to scare or bully me— you picked on the wrong person. You ought to know that by now. Nor will I get out of town, or avoid you to save you embarrassment. . . .

"Furthermore, I have no intention of informing you or your lawyer as to when, or whether or not, I'll be leaving town, or any information of said child.

"Sincerely,
"Laura"

The respondent thereafter refused to make any further payments on the note on the theory that the appellant had materially breached the contract constituting a failure of consideration.

■ In considering the above evidence to determine whether or not the appellant committed a material breach of the agreement of November 4, 1957, it is evident that one of the primary objects in giving the note to the appellant was embodied in the following language of the agreement:

". . . and does further agree to no longer molest Richard J. Dunn regarding this matter, or to any way claim or make any statements of any kind or nature, publicly or privately, whereby, directly or indirectly, it may or might be implied that Richard J. Dunn is the father of her unborn child."

In the letter of December 4, 1957, appellant admits showing the letter received from respondent's attorney to one "Sig;" thus, at least, tacitly implying that the respondent was the father of her unborn child. Appellant further expressed an intention not to avoid the respondent and save him embarrassment. We believe this substantially and materially violated the quoted portion of the agreement, going to the heart of that part of the consideration. Therefore,

the court correctly found that there was a failure of consideration for the promissory note given by the respondent.

■ Failure of consideration is a good defense to an action on a negotiable promissory note as between the original parties thereto, and partial failure of consideration is a defense *pro tanto*. *Mell v. Winslow*, 49 Wn. (2d) 738, 306 P. (2d) 751 (1957); *Sutton v. Matthews*, 41 Wn. (2d) 64, 247 P. (2d) 556 (1952); *Dittmar v. Frye*, 200 Wash. 451, 93 P. (2d) 709, 124 A. L. R. 708 (1939); 10 C. J. S. 1141, 1150, §§ 517, 523.

The trial court did not err in granting the respondent's motion for dismissal of appellant's complaint.

The respondent on cross-appeal assigns error to the trial court's dismissal of his cross-complaint for rescission of the contract, and to the court's failure to grant judgment for the $800 paid to the appellant on the note.

■ In *Rozzano v. Moore*, 175 Wash. 566, 27 P. (2d) 1096 (1933), this court stated:

" . . . Rescission is to be enforced in equity, and must, under all the circumstances of the particular case, be a just and equitable remedy. . . . "

Under the circumstances of the present case, granting the relief sought by the respondent would result in his gratuitously obtaining the benefit of the appellant's performance. The appellant had given up the custody of her child in pursuance of the agreement, thereby relieving the respondent of the potential burden of support. The respondent has obtained permanent benefits and the appellant has incurred a permanent loss. Each rescission action must necessarily depend upon its own facts, and especially upon the nature and character of the subject matter of the contract. *Hunt v. Marsh*, 40 Wn. (2d) 531, 244 P. (2d) 869 (1952), and granting the remedy of rescission is within the sound discretion of the trial court. *Hesselgrave v. Mott*, 23 Wn. (2d) 270, 160 P. (2d) 521 (1945). In the instant case, the trial court did not abuse this discretion by leaving the parties as it found them.

The judgment of the trial court is affirmed. Both appel-

lant and respondent having substantially prevailed, each will bear his own costs of this appeal.

WEAVER, C. J., MALLERY, DONWORTH, and OTT, JJ., concur.

[1]Reported in 347 P. (2d) 1054.